IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| GREGORY JOHN BISHOP | : | NO. 12-209 |

MEMORANDUM

Bartle, J. April 23, 2013

The United States has filed this action against defendant Gregory John Bishop ("Bishop")[1] to reduce to judgment a federal tax assessment made against him in 1999[2] and to foreclose its federal tax lien against Bishop's real property. The motion of the government for summary judgment and the cross-motion of Bishop for summary judgment under Rule 56 of the Federal Rules of Civil Procedure are before the court.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

---

1. The government also sued Chase Home Finance LLC, but they have been terminated from this action.

2. The government originally sought to reduce to judgment a federal tax assessment made against him in 2005 but has since agreed to drop that claim.

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable jury to find for the plaintiffs. Id. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. We view the facts and draw all inferences in favor of the non-moving party. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).

II.

It is undisputed that Bishop failed to pay his income taxes for the calendar year 1999. While he claims that he mailed his return for that year on April 17, 2000, it is also undisputed that the government did not process it until July 22, 2002. On that date, the government entered the return into its computer system, and a delegate of the Secretary of the Treasury gave Bishop proper notices and demands for payment of the assessment in the amount of $1,085,689 in accordance with 26 U.S.C. § 6303.[3]

---

3. This section provides in relevant part: "the Secretary shall ... after the making of an assessment of a tax ... give notice to each person liable for the unpaid tax, stating the amount and
(continued...)

Despite the notices and demands for payment of the assessment, Bishop has still not paid his income taxes for the 1999 tax year. The government filed its complaint in this action on January 18, 2012. The government now seeks a judgment of $1,125,671.26, which is the sum of the 1999 assessment plus accrued interest and penalties owed as of March 25, 2013.

Bishop does not challenge the government's calculation of the amount of tax, interest, and penalties due for 1999. Instead, in his cross-motion for summary judgment, he argues that the government's claim to enforce the tax lien for the 1999 tax year through foreclosure is barred by a ten-year statute of limitations. If the statute of limitations began to run on April 17, 2000, as Bishop asserts, the government's complaint was untimely since the complaint, as noted above, was not filed until January 18, 2012. The government counters that the statute of limitations did not begin to run until July 22, 2002. If so, the complaint was filed within the allowable ten-year period.

Section 6501(a) of the Internal Revenue Code states that, except as otherwise provided, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period." 26 U.S.C. § 6501(a). "The term 'return' means the return required to be filed by the taxpayer."

---

3. (...continued)
demanding payment thereof." 26 U.S.C. § 6303.

26 U.S.C. § 6501(a). If a tax is properly assessed within three years, however, the statute of limitations for the collection of the tax is extended by ten years from the date of assessment. 26 U.S.C. § 6502(a); see also United States v. Galletti, 541 U.S. 114, 116 (2004).

Bishop asserts that the date of the assessment referenced in § 6502 is the date the return is filed. We are not persuaded. The statute and relevant case law provide that the date of assessment is the date on which the liability of the taxpayer is recorded, not the date on which the taxpayer files his returns. The Supreme Court has explained, "[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary." Galletti, 541 U.S. at 119 (citing 26 U.S.C. § 6203). The relevant regulation provides, "The date of the assessment is the date the summary record is signed by an assessment officer." 26 C.F.R. § 301.6203-1. "Within 60 days of the assessment, the Secretary is required to 'give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.'" Galletti, 541 U.S. at 119 (citing 26 U.S.C. § 6303(a)). "If the tax is properly assessed within 3 years, the limitations period for collection of the tax is extended by 10 years from the date of the assessment." Id. (citing § 6502).

The date of assessment in this case was July 22, 2002, the date on which the IRS processed Bishop's tax returns. This

event occurred "within 3 years after the return was filed."  26 U.S.C. § 6501(a).  Contrary to Bishop's argument, the analysis is not affected by the "mailbox rule," set forth in 26 U.S.C. § 7502(a)(1), which provides that the income tax return is deemed filed on the date on which it was mailed.  The date of the filing of the tax return is not the date of assessment.  Bishop's assertion that the IRS should not be able to benefit from its own negligence in failing to process his tax return when it was mailed in April 2000 also fails.  No statutes or case law support this proposition.  The ten-year statute of limitations had not yet expired when the government filed its complaint against Bishop on January 18, 2012.  Thus, we will deny Bishop's motion for summary judgment.

### III.

The government, in its motion for summary judgment, seeks to reduce to judgment a federal tax assessment made against Bishop in 1999 and to foreclose its federal tax lien against his real property.  "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness -- a presumption that can help the Government prove its case against a taxpayer in court."  United States v. Fior D'Italia, 536 U.S. 238, 242-43 (2002) (citations omitted).  This allows the government to establish a prima facie case of liability by offering a certified copy of the assessment into evidence.  Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971) (citations omitted).  When the government produces certified copies of the

assessment and the prima facie case is therefore established, the burden of persuasion shifts to the taxpayer to establish by a preponderance of the evidence that the assessment was erroneous. Id. at 1160; see also Francisco v. United States, 267 F.3d 303, 319 (3d Cir. 2001).

As noted above, the assessment made against Bishop for individual income taxes owed for the 1999 tax year was for $1,085,689. The government submitted copies of the certificate of assessment with its motion. The government now seeks a judgment of $1,125,671.26, the amount of the assessment plus accrued interest and penalties. The plaintiff has not disputed this amount and concedes that he did not pay his income tax for the tax year 1999. His only arguments were based on the statute of limitations, as discussed above, and that he did not owe any taxes for the 2005 tax year.[4]

Finally, Bishop submits that he could not afford to pay his 1999 taxes in April 2000 due to the vagaries of the stock market. While his situation is regrettable, it does not change the outcome. In short, Bishop owes the taxes assessed by the government. As cogently stated by Justice Holmes in Compania General de Tabacos de Filipinas v. Collector of Internal Revenue, "[t]axes are what we pay for civilized society." 275 U.S. 87, 100 (1927).

---

4. As noted above, the government has since stated that it will no longer pursue its claim against Bishop for his 2005 income tax liability. This claim will be dismissed.

The government seeks to foreclose its federal tax lien against Bishop's real estate. A federal tax lien arose on the date of the tax assessment under 26 U.S.C. §§ 6321 and 6322, which provide:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

> Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6322.

Under 26 U.S.C. § 7403(c), the court may order the foreclosure of a federal tax lien against Bishop's real property. Bishop has owned real property in Ivyland, Bucks County, Pennsylvania since April 30, 1996. This is where he resides. Bishop owes $1,125,671.26 to the government since he failed to pay his federal income tax for the 1999 tax year.

We will grant the government's motion for summary judgment against Bishop in the amount of $1,125,671.26 and order foreclosure of the federal tax lien against his real property to satisfy the judgment.